ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ross Ulbricht,

               Plaintiff,

v.

Federal Bureau of Prisons,

               Defendant.

No.  CV 21-00195-TUC-DCB

**ORDER**

Plaintiff Ross Ulbricht, who is confined in the Federal Correctional Institution in Tucson, Arizona, has filed, through counsel, a civil rights Complaint pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, *et seq*.,  and paid the filing and administrative fees.  The Court will order Defendant to answer the Complaint.

**I.**    **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

## II.    Complaint

In his Complaint, Plaintiff names the Federal Bureau of Prisons as the sole Defendant. Plaintiff alleges that he is Christian, and that Exodus 20:12 requires him to communicate with his parents in order to "honor [his] father and [his] mother…" Plaintiff's father lives in a remote area of Costa Rica, and is only able to communicate with Plaintiff via email. However, Plaintiff is prohibited from using the Bureau of Prison's (BOP) "TRULINCS" system. As such, Plaintiff is unable to communicate with his father "in violation of his sincerely held religious beliefs." Accordingly, Plaintiff seeks an injunction "requiring the BOP to allow [Plaintiff] to use TRULINCS so [Plaintiff] may e-mail with his father."

The Court will require Defendant to answer the Complaint.

**IT IS ORDERED:**

(1)    Plaintiff must either serve Defendant or seek a waiver of service for Defendant.

(2)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing

of the Complaint or within 60 days of the filing of this Order, whichever is later, this action may be dismissed.  Fed. R. Civ. P. 4(m).

(3)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(4)    This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(5)    If properly completed, the Clerk of Court must issue the proposed Summonses filed at Doc. 2.

Dated this 26th day of May, 2021.

Honorable David C. Bury
United States District Judge